UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

FREDDIE NASH,

        Petitioner,         Case No. 2:11-cv-417

v.         Honorable R. Allan Edgar

JEFFREY WOODS,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

Petitioner was convicted in the Ingham County Circuit Court of one count of first-degree murder and one count of possessing a firearm during the commission of a felony. The trial court sentenced Petitioner on May 26, 2004, to life imprisonment without the possibility of parole for the murder conviction and two years for the felony-firearm conviction. The Michigan Court of Appeals affirmed Petitioner's conviction on September 19, 2005, and the Michigan Supreme Court denied his application for leave to appeal on January 30, 2006.

On February 26, 2008, Petitioner filed a motion for relief from judgment in the Ingham County Circuit Court. The court denied his motion on December 29, 2008. The Michigan appellate courts denied his applications for leave to appeal on March 12, 2010 and October 26, 2010, respectively. The United States Supreme Court subsequently denied Petitioner's petition for writ of certiorari on March 28, 2011.

Petitioner now brings this habeas corpus action asserting the following grounds for relief:

    I.    WHETHER IRREGULARITIES IN JURY COMPOSITION AND PARTIALITY CONSTITUTED STRUCTURAL ERROR ENTITLING PETITIONER TO A NEW TRIAL?

    II.    WHETHER THE DENIAL OF ACCESS BY THE STATE COURT RAISED A CHALLENGE TO THE TESTIMONY OFFERED AS EXPERT TESTIMONY, THAT WAS NOT SUBJECTED TO THE GATEKEEPING FUNCTION SET BY THE UNITED STATES SUPREME COURT, DENIED PETITIONER['S] DUE PROCESS RIGHTS?

    III.    WHETHER PETITIONER WAS PREJUDICED AND DENIED A FAIR TRIAL BY PROSECUTOR[IAL] MISCONDUCT IN VIOLATING DISCOVERY, AND LEAVING PREJUDICIAL PHOTOS ON DISPLAY FOR THE JURY?

    IV.    WHETHER PETITIONER WAS DENIED A FAIR TRIAL BY INEFFECTIVE ASSISTANCE OF COUNSEL IN FAILING TO SEEK A CHANGE OF VENUE, FAILING TO RAISE OBJECTIONS, AND NOT CONSULTING WITH AN EXPERT?

    V.    WHETHER PETITIONER WAS UNCONSTITUTIONALLY PREJUDICED BY INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.

    VI.    WHETHER PETITIONER['S] CONVICTIONS WERE BASED UPON [IN]SUFFICIENT EVIDENCE OF FIRST DEGREE PREMEDITATED MURDER?

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[1] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

(2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to the amended petition, Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on January 30, 2006. Petitioner did not petition for certiorari to the United States Supreme Court on direct appeal. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, May 1, 2006. Petitioner had one year, until May 1, 2007, to file his habeas application. Petitioner filed his petition on or about October 3, 2011[2], more than four years after the time for direct review expired. Thus, his application is time-barred.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period or restart the clock; rather, it can only serve to pause a clock that has

---

[2]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on October 3, 2011, and it was filed in the Eastern District of Michigan on October 12, 2011. Thus, it must have been handed to prison officials for mailing at some time between October 3 and 12. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)). The petition subsequently was transferred by the Eastern District on October 25, 2011, because venue is proper in this Court.

not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d 490). Because Petitioner's one-year period expired on May 1, 2007, his collateral motion filed on February 26, 2008, cannot serve to revive the limitations period.[3]

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Akrawi*, 572 F.3d at 260.

---

[3] Petitioner also attempted to file various documents in the Ingham County Circuit Court on February 20, 2007, including the following: "Administrative Demand," "Notice of Fault - Opportunity to Cure," "Notice of Dishonor and Default," "Administrative Judgment" and "Conditional Acceptance for Value" (*See* Amended Petition, Appendix B, docket #7-1, Page ID##136-175). It does not appear that Petitioner offered his pleadings under an allowable state-court rule or procedure. *See Artuz v*, 531 U.S. at 8 (an application for state post-conviction relief is "'*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings"). Regardless, the pleadings were not accepted for filing by the circuit court, and thus, did not toll the statute of limitations.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case.  The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling.  *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").  Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds.  *See Day,* 547 U.S. at 210.  This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred.  The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.  I further recommend that a certificate of appealability be denied.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).

    /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated:   November 23, 2011

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).