UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FREDDIE TRAIL NASH,

Petitioner,

v.

Case No. 2:11-cv-417
HON. R. ALLAN EDGAR

JEFFREY WOODS,

Respondent.
_________________________________________/

**MEMORANDUM AND ORDER**

Petitioner Freddie Trail Nash ("Nash"), a Michigan state prisoner in the custody of the Michigan Department of Corrections, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. He is currently imprisoned at the Chippewa Correctional Facility.

The habeas petition was referred to Magistrate Judge Timothy P. Greeley for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and W.D. Mich. LCivR 72.1(d). Magistrate Judge Greeley submits his report recommending that the habeas petition be denied and dismissed with prejudice on the ground that it is time-barred by the one-year statute of limitations in 28 U.S.C. § 2244(d)(1)(A). [Court Doc. No. 8]. The report and recommendation finds that Nash has failed to raise equitable tolling or allege any facts that would warrant equitable tolling of the statute of limitations. It is further recommended that a certificate of appealablity be denied pursuant to 28 U.S.C. § 2253(c)(2) because reasonable jurists could not find it debatable whether the habeas petition is time-barred by the statute of limitations in 28 U.S.C. § 2244(d)(1)(A). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Nash objects to the report and recommendation. After reviewing the record *de novo*, the Court concludes that his objection [Court Doc. No. 9] is without merit.

The Court adopts the report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. LCivR 72.3(b). The habeas petition must be denied and dismissed with prejudice on the ground that it is time-barred by the statute of limitations in 28 U.S.C. § 2244(d)(1)(A). Nash has not met his burden of showing that he is entitled to equitable tolling of the statute of limitations. The Court amplifies and supplements the report and recommendation with regard to the issue of equitable tolling and Nash's contention that it would be a miscarriage of justice if his habeas petition is not decided on the merits.

## I. Facts and Procedural History

After a jury trial Nash was found guilty and convicted in the Circuit Court of Ingham County, Michigan, on one count of first degree murder, M.C.L. § 750.316, and one count of possession of a firearm during the commission of a felony (felony-firearm), M.C.L. § 750.227b. These crimes arose out of the murder of Freddie Nash's former wife, Teresa Nash. The facts and evidence presented at trial are summarized by the Michigan Court of Appeals in *People v. Nash*, 2005 WL 2237777 (Mich App. September 15, 2005), and need not be repeated here.

On May 26, 2004, the Ingham County Circuit Court sentenced Nash to life imprisonment without parole for the murder conviction and two years imprisonment for the felony-firearm conviction with the sentences to run consecutively. Nash took a direct appeal to the Michigan Court of Appeals. On September 15, 2005, the Michigan Court of Appeals affirmed the judgment of conviction and denied the appeal. *Nash*, 2005 WL 2237777. Nash filed an application for leave to appeal in the Michigan Supreme Court which was denied on January 30, 2006. *People v. Nash*, 708

N.W.2d 421 (Mich. 2006).

Nash did not file a petition for writ of certiorari to the United States Supreme Court on direct appeal. The one-year limitations period for Nash to file his 28 U.S.C. § 2254 habeas petition in federal court commenced to run after the 90-day period in which he could have sought review in the United States Supreme Court expired. *Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). This 90-day period expired on May 1, 2006. Nash had one year from May 1, 2006, within which to file his 28 U.S.C. § 2254 habeas petition in federal court. Applying the statute of limitations in 28 U.S.C. § 2244(d)(1)(A), the deadline for Nash to file his § 2254 habeas petition was May 1, 2007.

Nash did not file his § 2254 habeas petition by the deadline of May 1, 2007. Nash delayed filing his habeas petition until more than four years after the May 1, 2007 deadline had elapsed. Applying the prisoner mailbox rule, the Court deems the original habeas petition [Court Doc. No. 1] to have been filed by Nash on October 3, 2011. *Houston v. Lack*, 487 U.S. 266, 273 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

After the expiration of the May 1, 2007 deadline for filing his 28 U.S.C. § 2254 habeas petition, Nash made a motion in the Ingham County Circuit Court on February 26, 2008, seeking relief from the judgment of conviction pursuant to Michigan Court Rule 6.508. The Ingham County Circuit Court denied the motion on December 29, 2008. [Court Doc. No. 1-1, pp. 37-45]. Nash filed an application for leave to appeal in the Michigan Court of Appeals which was denied on March 12, 2010. Next, Nash made an application for leave to appeal in the Michigan Supreme Court which was denied on October 26, 2010. *People v. Nash*, 789 N.W.2d 481 (Mich. 2010). On March 28, 2011, the United States Supreme Court denied Nash's petition for writ of certiorari.

## II. 28 U.S.C. § 2244(d)(2) and Motion for Post-Conviction Relief in Michigan Court

### A. Motion for Relief From Judgment Filed on February 26, 2008

Nash's motion for relief from judgment filed in the Ingham County Circuit Court on February 26, 2008, pursuant to Michigan Court Rule 6.508 does not affect or have any impact on the calculation of the running of the statute of limitations under 28 U.S.C. § 2244(d)(1)(A). The motion for relief from judgment did not pause or toll the running of the statute of limitations in this habeas proceeding brought under 28 U.S.C. § 2254.

28 U.S.C. § 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." The tolling provision in § 2244(d)(2) does not "revive" the one-year limitation period in § 2244(d)(1)(A) or restart the clock. Rather, § 2244(d)(2) can only serve to pause a statute of limitations clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the one-year limitations period in 28 U.S.C. § 2244(d)(1)(A) is expired, any motions or petitions for collateral post-conviction relief filed by Nash in the Michigan state courts cannot serve to toll or avoid the statute of limitations. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001); *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the motion for post-conviction relief in state court raises a claim of ineffective assistance of appellate counsel, the filing of the motion does not revive the statute of limitations and restart the clock. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

Because Nash filed his motion for post-conviction relief in the Ingham County Circuit Court on February 26, 2008, which was after the May 1, 2007 deadline to file his § 2254 habeas petition

had already expired, 28 U.S.C. § 2244(d)(2) does not serve to stop or toll the running of the one-year limitations period.

**B. Petition for Redress of Grievance and Demand for Administrative Remedy Mailed on February 20, 2007**

Nash contends that prior to May 1, 2007, he unsuccessfully attempted to file several other *pro se* documents in the Ingham County Circuit Court which were not accepted for filing and have never been docketed by the Court Clerk. It is alleged that on February 20, 2007, Nash mailed to Michigan prosecutor Samuel R. Smith a document captioned "Petition for Redress of Grievance In the nature of a Private International Administrative Remedy." [Court Doc. No. 7-1, pp. 7-15]. The petition is confusing and difficult to decipher. It appears that Nash sought to improperly invoke and utilize the Uniform Commercial Code to assert an administrative claim and demand administrative relief against the State of Michigan. Nash demanded answers to numerous questions or "inquiries." The Uniform Commercial Code only governs civil contracts and commercial transactions, and it has no application to criminal cases.

When Nash heard nothing in response to his February 20, 2007 petition, he subsequently mailed other related documents including a "Notice of Fault - Opportunity to Cure," "Notice of Dishonor and Default," "Administrative Judgment," and "Conditional Acceptance for Value." [Court Doc. No. 7-1] all predicated on Nash's interpretation of the Uniform Commercial Code. Assuming *arguendo* that the Clerk of the Ingham County Circuit Court received these unusual documents from Nash in 2007, the documents were never accepted for filing by the circuit court.

This Court concludes that all of the documents mailed by Nash in 2007 regarding his "Petition for Redress of Grievance In the nature of a Private International Administrative Remedy"

cannot and do not serve to toll the running of the statute of limitations under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) only allows tolling during the time in which a "properly filed" application for state post-conviction or other collateral review of Nash's judgment of conviction is pending in the Michigan state courts. The documents mailed by Nash in 2007 do not qualify as an application for state post-conviction or other collateral review under Michigan law for purposes of § 2244(d)(2).

In *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), the Supreme Court held that an application for state post-conviction or other collateral review is not "properly filed" for purposes of § 2244(d)(2) "unless it complies with all mandatory state-law procedural requirements that would bar review of the merits of the application." An application is "filed" when it is delivered to and accepted by the appropriate court officer for placement into the official court record. An application for state post-conviction or other collateral review is "properly filed" for purposes of § 2244(d)(2) only when its delivery and acceptance are in compliance with the applicable laws governing such filings. *Id.*; *see also Vroman*, 346 F.3d at 603; *Zonge v. Mills*, 36 Fed. Appx. 764, 766 (6th Cir. 2002).

None of the documents that Nash claims to have mailed in 2007 constitute a viable motion for post-conviction relief or other collateral review of his judgment of conviction under applicable Michigan law. Nash did not offer or present these documents to the Ingham County Circuit Court under a Michigan court rule or procedure governing motions for post-conviction relief by convicted prisoners. Nash's arguments to the contrary are frivolous. Moreover, § 2244(d)(2) is not applicable here because the documents mailed by Nash in 2007 were never accepted for filing by the Ingham County Circuit Court. *Cf. Fuller v. Thomas*, 110 Fed. Appx. 496, 766 (6th Cir. 2004); *Young v. Lafler*, 2009 WL 6763576, * 3 (W.D. Mich. Oct. 16, 2009) Magistrate Judge's report and recommendation adopted by District Judge in *Young v. Lafler*, 2010 WL 3210880 (W.D. Mich. Aug.

10, 2010).

## III. Equitable Tolling

Nash argues that he is entitled to equitable tolling, and it would be a miscarriage of justice if his habeas petition is not decided on the merits. This argument fails.

The statute of limitations, 28 U.S.C. § 2244(d)(1), is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2560-62 (6th Cir. 2010); *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 587-88 (6th Cir. 2009); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005). Nash bears the burden of demonstrating that he is entitled to equitable tolling. *Robertson*, 624 F.3d at 784; *Jagodka v. Lafler,* 148 Fed. Appx. 345, 347 (6th Cir. 2005) (per curiam); *Allen*, 366 F.3d at 401; *McClendon*, 329 F.3d at 494. The Sixth Circuit cautions that equitable tolling relief should be granted sparingly. *Robertson*, 624 F.3d at 784; *Sherwood*, 579 F.3d at 588; *Cook*, 295 F.3d at 521; *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001).

The Court concludes that Nash has not met his burden of showing that he is entitled to equitable tolling of the statute of limitations under either the actual innocence equitable tolling doctrine or traditional equitable tolling principles.

### A. Doctrine of Actual Innocence Equitable Tolling

The statute of limitations in 28 U.S.C. § 2244(d)(1) may be equitably tolled when a habeas petitioner makes a credible claim of actual innocence based on new reliable evidence. *Connolly v. Howes*, 304 Fed. Appx. 412, 417 (6th Cir. 2008); *McSwain v. Davis,* 287 Fed. Appx. 450, 458-59 (6th Cir. 2008); *Knickerbocker v. Wolfenbarger*, 212 Fed. Appx. 426, 431-32 (6th Cir. 2007); *Harvey v. Jones,* 179 Fed. Appx. 294, 297-98 (6th Cir. 2006); *Souter*, 395 F.3d at 589-90;

*Alexander v. Metrish*, 2007 WL 542010, at ** 8-10 (W.D. Mich. Feb. 16, 2007). There is a stringent standard for establishing a credible claim of actual innocence. Actual innocence means factual innocence, not mere legal insufficiency or legal innocence. *Bousley v. United States,* 523 U.S. 614, 623 (1998); *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Connolly*, 304 Fed. Appx. at 417; *Harvey,* 179 Fed. Appx. at 299; *Souter*, 395 F.3d at 590.

To make out a credible claim of actual innocence, Nash is required to support his allegations of federal constitutional error with new reliable evidence – exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was unknown or unavailable at the time of his trial. *Schlup*, 513 U.S. at 324; *Connolly*, 304 Fed. Appx. at 417; *Knickerbocker*, 212 Fed. Appx. at 431; *Souter*, 395 F.3d at 590. Without new reliable evidence and facts showing actual innocence, even the existence of a meritorious claim of a federal constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a habeas claim that is time-barred by the statute of limitations. *Schlup*, 513 U.S. at 316; *Connolly*, 304 Fed. Appx. at 417; *Nelloms v. Jackson,* 129 Fed. Appx. 933, 937 (6th Cir. 2005). The actual innocence equitable tolling exception is rare and may only be applied in extraordinary cases involving factual innocence. *Schlup*, 513 U.S. at 321; *Knickerbocker*, 212 Fed. Appx. at 431; *Souter*, 395 F.3d at 590.

If a habeas petitioner is able to present new reliable, exculpatory evidence to support a credible claim of actual innocence based on the facts, the Court must consider all of the old and new evidence, both incriminating and exculpatory evidence, without regard to whether it would necessarily be admissible under the rules of evidence that would govern at a trial but with due regard

to any unreliability of it. Based on the total record of old and new reliable evidence, the Court must determine what an objectively reasonable and properly instructed jury would probably decide at trial. The habeas petitioner's burden at this gateway stage is to demonstrate that in light of the new reliable evidence and facts, it is more likely than not that no reasonable jury would find him guilty beyond a reasonable doubt. *Bousley,* 523 U.S. at 623; *Schlup*, 513 U.S. at 327; *Connolly*, 304 Fed. Appx. at 417; *Ross v. Berghuis,* 417 Fed. Appx. 552, 556 (6th Cir. 2005); *Knickerbocker*, 212 Fed. Appx. at 431; *Souter*, 395 F.3d at 590, 598-99.

This Court finds that Nash has not met his burden of showing that he has a credible claim of actual innocence. Nash is required to present new reliable evidence and facts that raise a sufficient doubt about his guilt to undermine confidence in the outcome of the criminal proceeding in the Michigan courts. *Schlup*, 513 U.S. at 317; *Souter*, 395 F.3d at 590; *Alexander*, 2007 WL 542010, at * 9. This he has failed to do. Nash is not entitled to equitable tolling of the statute of limitations because he does not have a credible claim of actual innocence based on any new reliable evidence – exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was unknown or unavailable at the time of his trial. Nash cannot obtain equitable tolling without submitting new reliable evidence showing that he is factually innocent.

The grounds for relief asserted by Nash in his amended habeas petition do not amount to a viable claim that he is factually innocent based on new reliable evidence. Rather, Nash contends that he was deprived of a fair trial and he objects to certain rulings of law made by the trial court. In his amended habeas petition [Court Doc. No. 7, p. 14], Nash raises the following claims or

grounds for relief:

(1) irregularities in jury composition and partiality constituted structural error entitling Nash to a new trial;

(2) denial of access by the Michigan trial court raised a challenge to the testimony offered as expert testimony by the prosecution that was not subjected to the gatekeeping function set by the United States Supreme Court thereby violating Nash's right to due process;

(3) Nash was prejudiced and denied a fair trial by the prosecutor's misconduct concerning discovery violations, presentation of improper bad acts evidence, and leaving prejudicial photographs of the murder victim on display for the jury;

(4) Nash was denied a fair trial due to ineffective assistance of counsel in that his counsel failed to seek a change of venue, raise objections, and consult with an expert;

(5) Nash was prejudiced on his direct appeal by the ineffective assistance of appellate counsel; and

(6) Nash's conviction for first degree murder was improper because there was insufficient evidence that the murder was premeditated under Michigan law.

These habeas claims and allegations fall far short of what is required to make out a credible claim of actual (factual) innocence. The material facts and evidence in Nash's underlying criminal case and trial have not changed. At this juncture Nash does not offer any new reliable evidence showing that he did not in fact commit the criminal acts for which he now stands convicted. Where a habeas petitioner asserts claims based on alleged errors of law, the actual innocence equitable tolling doctrine does not apply. *Craig v. White,* 227 Fed. Appx. 480, 481 (6th Cir. 2007); *Harvey,*

179 Fed. Appx. 298-99; *Ross,* 417 Fed. Appx. at 555; *Cable v. Woods*, 2010 WL 502722, * 4 (W.D. Mich. Feb. 5, 2010). In sum, Nash's claims that he did not have a fair trial that comports with constitutional due process do not fit within the actual innocence equitable tolling doctrine.

**B. <u>Miscarriage of Justice Exception and Actual Innocence</u>**

Nash argues that the United States Constitution will be offended if his habeas petition is dismissed as time-barred and is not decided on the merits. Nash asserts that it would be a miscarriage of justice if this Court does not correct the alleged "constitutional structural errors" that occurred at his trial. In other words, Nash argues that he is entitled to habeas relief under 28 U.S.C. § 2254 on the theory that there were fundamental defects in the Michigan criminal proceedings which resulted in a complete miscarriage of justice. Nash seeks to avoid the application and enforcement of the statute of limitations, 28 U.S.C. § 2244(d)(1)(A), based on the "miscarriage of justice" exception. Nash floats the theory that if there were fundamental defects in his criminal proceeding which resulted in a miscarriage of justice, then his habeas petition should not be time-barred by the statute of limitations in § 2244(d)(1)(A).

The Court rejects this argument. Nash misunderstands the narrow scope of the miscarriage of justice exception. It is not applicable in the present case because Nash does not have a credible claim of actual (factual) innocence.

The term "miscarriage of justice" refers to the conviction of an actually (factually) innocent person, as compared to a person who merely claims legal innocence. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998); *Schlup*, 513 U.S. at 316; *Sawyer v. Whitley*, 505 U.S. 333 (1992); *Murray v. Carrier*, 477 U.S. 478 (1986); *Beach v. Moore*, 343 Fed. Appx. 7, 12-13 n. 4 (6th Cir. 2009); *Robinson v. Mackie*, 2011 WL 6090805, ** 5-6 (W.D. Mich. Dec. 6, 2011);

*Cable*, 2010 WL 502722 at * 5. Under the miscarriage of justice exception, the Court may consider an otherwise defaulted or time-barred habeas claim if the habeas petitioner submits new reliable evidence showing that a federal constitutional violation has probably resulted in the conviction of one who is actually innocent. *Schlup*, 513 U.S. at 326-30; *Jells v. Mitchell*, 538 F.3d 478, 489 (6th Cir. 2008); *Robinson*, 2011 WL 6090805, at * 5; *Cable*, 2010 WL 502722 at * 5.

In this 28 U.S.C. § 2254 habeas proceeding, the only way for Nash to establish a miscarriage of justice and obtain equitable tolling of the statute of limitations is to make out a credible claim of actual innocence based on new reliable evidence which he has failed to do. Because Nash does not have a credible claim of actual (factual) innocence based on new reliable evidence, he cannot invoke the *Schlup* miscarriage of justice exception. *Robinson*, 2011 WL 6090805, at * 6; *Cable*, 2010 WL 502722 at * 5. Without a credible claim of actual innocence, the dismissal of Nash's habeas petition on the ground that it is time-barred by the statute of limitations does not result in a miscarriage of justice. *Owens v. Stine*, 27 Fed. Appx. 351, 353-54 (6th Cir. 2001); *Saylor v. Mack*, 27 Fed. Appx. 321, 323 (6th Cir. 2001); *Duffy v. Collins*, 230 F.3d 1358 (Table, text in 2000 WL 1477226, * 2 (6th Cir. Sept. 25, 2000)); *Robinson*, 2011 WL 6090805, at * 6; *Cable*, 2010 WL 502722 at * 5.

This District Court follows the Sixth Circuit's opinion in *Nelloms,* 129 Fed. Appx. at 936-37, and declines to expand the definition of what constitutes a miscarriage of justice beyond the narrow actual innocence exception based on new reliable evidence carved out by the Supreme Court in *Schlup*, 513 U.S. at 316, 322. *See Robinson*, 2011 WL 6090805, at * 6; *Cable*, 2010

WL 502722 at * 5.

### C. <u>Traditional Equitable Tolling</u>

The doctrine of equitable tolling allows federal courts to toll a statute of limitations when a litigant's failure to meet a mandated deadline unavoidably arose from circumstances beyond his control. *Robertson*, 624 F.3d at 783; *McSwain*, 287 Fed. Appx. at 456; *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). Nash must show that: (1) he has been diligently pursuing his rights; and (2) some extraordinary circumstance beyond his control stood in his way which prevented him from filing his habeas petition. *Holland*, 130 S.Ct. at 2562; *Lawrence*, 549 U.S. at 335-36; *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Robertson*, 624 F.3d at 784; *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009).

In determining whether equitable tolling is warranted, the Court considers the following factors: (1) the petitioner's lack of actual notice or actual knowledge of the filing requirement; (2) constructive knowledge of the filing requirement; (3) diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his 28 U.S.C. § 2254 habeas petition within the statute of limitations. This list of factors is not necessarily comprehensive, and all five factors are not relevant in all cases. *Sherwood*, 579 F.3d at 588; *McSwain*, 287 Fed. Appx. at 455; *Keenan*, 400 F.3d at 421-22; *Allen*, 366 F.3d at 401; *Dunlap*, 250 F.3d at 1008.

None of these five factors weigh in favor of Nash. The issue of equitable tolling here turns on whether Nash was diligent in pursuing his rights. After reviewing the record and

considering all of these factors, the Court finds that Nash has not met his burden of showing he is entitled to equitable tolling of the statute of limitations. Nash did not diligently pursue his rights to seek post-conviction relief in a reasonable and timely manner.

Applying the statute of limitations in 28 U.S.C. § 2244(d)(1)(A), the deadline for Nash to file his habeas petition was May 1, 2007. Nash delayed filing his habeas petition until more than four years after the May 1, 2007 deadline. Nash filed his original habeas petition [Court Doc. No. 1] on October 3, 2011. The lapse of more than four years demonstrates a lack of diligence on his part.

Although Nash is untrained in the law this does not warrant equitable tolling. Ignorance of the law, even for incarcerated *pro se* habeas petitioners, generally does not excuse late filing of habeas petitions and does not justify tolling the statute of limitations. *Allen,* 366 F3d at 403-04; *Craig,* 227 Fed. Appx. at 482; *Harvey,* 179 Fed. Appx. at 299-300; *Jagodka*, 148 Fed. Appx. at 347; *Winkfield v. Bagley*, 66 Fed. Appx. 578, 583 (6th Cir. 2003); *Alexander*, 2007 WL 542010, at * 11.

This Court is not persuaded that some extraordinary circumstance beyond Nash's control stood in his way and prevented him from filing the habeas petition by the deadline of May 1, 2007, as required by 28 U.S.C. § 2244(d)(1). Through the reasonable exercise of due diligence, Nash could have filed his habeas petition on or before the deadline May 1, 2007.

**IV. <u>Conclusion</u>**

Nash's objection to the report and recommendation [Doc. No. 9] is **DENIED**. The Court **ADOPTS** the report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. LCivR 72.3(b). The habeas petition brought under 28 U.S.C. § 2254 shall be **DENIED and DISMISSED**

**WITH PREJUDICE** on the ground that it is time-barred by the statute of limitations in 28 U.S.C. § 2244(d)(1)(A).

If Nash files a notice of appeal to the Sixth Circuit Court of Appeals, it shall be treated as an application for a certificate of appealability which is **DENIED**. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). Reasonable jurists could not find it debatable whether the habeas petition has been properly dismissed with prejudice on the ground that it is time-barred by the statute of limitations in 28 U.S.C. § 2244(d)(1)(A). *Slack*, 529 U.S. at 484.

For the same reasons that the Court dismisses the habeas petition as time-barred by the statute of limitations, the Court finds there is no good-faith basis for an appeal from this decision. The Court will certify pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a) that any appeal from this decision by petitioner Nash would be frivolous and not taken in good faith.

A separate judgment will enter.

SO ORDERED.

Dated: January 9, 2012.

*/s/ R. Allan Edgar*
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE